**Opinion issued August 1, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00818-CR

————————————

**ERIC GUADALUPE BALDERAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 506th District Court**
**Waller County, Texas**
**Trial Court Case No. 20-06-17328 (Counts I, II, and III)**

---

## MEMORANDUM OPINION

After appellant, Eric Guadalupe Balderas, without an agreed punishment recommendation from the State, pleaded guilty to three "counts" of the felony

offense of aggravated sexual assault of a child,[1] the jury found appellant guilty of each "count" and assessed his punishment at confinement for thirty-five years for the first and second "counts" and at confinement for thirty-seven years and six months for the third "count," with his sentences to run concurrently.[2]  Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous.  *See Anders v. California*, 386 U.S. 738 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying the Court with references to the record and legal authority.  *See id.* at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978).  Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal.  *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel has informed the Court that he provided appellant with a copy of the brief and the motion to withdraw.  Counsel has also informed appellant of his right to examine the appellate record and file a response to counsel's *Anders* brief, and he

---

[1]     *See* TEX. PENAL CODE ANN. § 22.021(a), (e).

[2]     The jury also assessed a fine of $10,000 for each "count."

provided him with a form motion to access the appellate record.[3] *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Appellant has not filed a response to his counsel's *Anders* brief.

We have independently reviewed the entire record in the appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeals are frivolous. *See Anders*, 386 U.S. at 744 (emphasizing reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that appellant may challenge a holding that there are no arguable grounds for an appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

---

[3] This Court also notified appellant that counsel had filed an *Anders* brief and a motion to withdraw and informed appellant that he had a right to examine the appellate record and file a response to his counsel's *Anders* brief. And this Court provided appellant with a form motion to access the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008).

## Conclusion

We affirm the judgment of the trial court and grant appellant's appointed counsel's motion to withdraw.[4]  Attorney Travis Fleetwod must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).  We dismiss any pending motions as moot.

Julie Countiss
Justice

Panel consists of Justices Kelly, Hightower, and Countiss.

Do not publish.  TEX. R. APP. P. 47.2(b).

---

[4]     Appellant's appointed counsel still has a duty to inform appellant of the result of this appeal and that appellant may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals.  *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).